## PARSONS *against* WILLIAMS:

### IN ERROR.

If a recognizance for prosecution or on an appeal be taken in a suit, and the plaintiff in that suit die before final judgment therein, the surety in such recognizance is not liable for the costs which had accrued at the time of his principal's death.

THIS was an action of debt. The declaration embraced two counts. The first was on a recognizance entered into by *W. G. Williams,* Esq., the defendant in this action, in a suit pending in the county court, in favour of *Thomas Barber* against *Levi Parsons,* the present plaintiff. The terms of the recognizance were thus alleged : " The said *W. G. Williams* personally appeared before said court, and, in behalf of the plaintiff in said action, acknowledged himself bound to the adverse party, (the plaintiff in the present action,) in a recognizance in the sum of fifty dollars, conditioned that the said *Thomas Barber,* (the plaintiff in that action) should prosecute said action to effect, and answer all costs and damages, in case he should not make his plea good." The second count set forth a recognizance, by the present defendant, in the same suit, on an appeal, by the plaintiff in that suit, from the judgment of the county court to the superior court, in the following words : " The said *W. G. Williams* in and before said court, acknowledged himself to stand bound and indebted to the present plaintiff, (the defendant in said action) in a recognizance of one hundred dollars, to be paid to the present plaintiff, upon condition, that the said *Barber,* (the plaintiff in said action) should fail to prosecute his said appeal to effect, and should not answer all damages, if he should not make his plea good." The judgment appealed from was in favour of *Parsons* against *Barber,* for the sum of 32 dollars, 30 cents, costs of suit.

The defendant pleaded in bar, that after the appeal and while the suit was pending in the superior court, *Barber* died, insolvent, not having made any will or appointed any executor; that no administrator of his estate had been appointed; that he left a wife, children and other relations in this state of sufficient age and ability to be appointed and to act in that capacity; that the defendant was not related to him, by blood or marriage, and was not a creditor of his estate; and that no person was legally authorized to enter and prosecute the suit so appealed.

The replication traversed the averment in the plea, that the defendant was not a creditor of *Barber's* estate; to which the defendant demurred.

The county court, before which the cause was tried, adjudged the replication insufficent, and rendered judgment for the defendant to recover his costs. A writ of error was thereupon brought, by the plaintiff, in the superior court; which was reserved for the advice of this Court.

*P. Miner,* for the plaintiff in error, contended, 1. That an express covenant must be performed *in all events;* or at least, to excuse the performance of the thing covenanted to be done, the doing of that thing must be *naturally impossible. Shubrick* v. *Salmond,* 3 *Burr.* 1637. *Belfour* v. *Weston,* 1 *Term Rep.* 310. *Pindar* v. *Ainsley* & al. cited 1 *Term Rep.* 312. *Bullock* v. *Dommitt,* 6 *Term Rep.* 650. *Hadley* v. *Clarke,* 8 *Term Rep.* 259. *The Brecknock and Abergavany Canal Navigation* v. *Pritchard* & al. 6 *Term Rep.* 750. 1 *Pow. on Cont.* 161 & seq. If the condition be, that the obligor shall make the obligee a lease for life by such a day, or pay 100*l.,* and the obligee die before the day, his executor shall have the 100*l. Anon.* 1 *Salk.* 170.

2. That the death of the plaintiff in the suit, furnished no insurmountable obstacle to its being prosecuted to final judgment; as the surety, being a creditor of the estate of his principal, might and ought to have taken out administration, and entered and prosecuted.

*Williams,* in person, contra, after remarking, that the defendant was a mere surety, and as such was not liable beyond the express terms of the engagement; (*Lockwood* v. *Jones,* 7 *Conn. Rep.* 431. 435. *Elmendorph* v. *Tappen* & al. 5 *Johns.*

*Rep.* 176. *Walsh & Beekman* v. *Baile,* 10 *Johns. Rep.* 180. *Smedes* v. *The Utica Bank,* 20 *Johns. Rep.* 372. 383.) contended, 1. That if the condition of a bond become impossible, by the act of God, before it can be performed, the obligation is saved. *Co. Litt.* 206. *a.* 1 *Bac. Abr.* 651. (*Gwil ed.*) *tit.* Conditions. N. 1 *Pow. Cont.* 265. 2 *Bla. Com.* 341, 2. The reason is, that no prudence or foresight could guard against such a contingency.

2. That this case comes within that rule. The engagement on a bond for prosecution or on an appeal, (substantially the same in both cases,) is two-fold: first, that the party shall prosecute to effect; and secondly, if he fail, that he shall answer all damages. He prosecutes to effect, when he prosecutes to final judgment; and final judgment is that which terminates proceedings in the suit. A judgment appealed from, is not a final judgment. It becomes, by the appeal, wholly inoperative. *Campbell* v. *Howard,* 5 *Mass. Rep.* 376. If the defendant is liable at all, it must be on the first part of the engagement; but if he has any legal excuse for not *prosecuting to effect,* he is not liable. The statute requiring such bonds intended to make the surety the insurer of the party's responsibility, but not of his life.

BISSELL, J. The bond of prosecution, and the bond given on the appeal, as set forth in the first and second counts of the plaintiff's declaration, were substantially the same in terms, and imposed the same obligation on the defendant in error.

This obligation was, that the plaintiff below should prosecute his suit to effect, and answer all damages, in case he made not his plea good. And the question raised upon this writ of error, and brought here for our advice, is simply this: *If the plaintiff in a suit die, before final judgment therein, is the surety liable for the costs which had accrued at the time of his principal's death?*

I say this is the only question: for although it is stated in the replication, that the defendant in error was a creditor to his principal, and as such, was entitled to have letters of administration on his estate; and although it has been strongly insisted upon, in the argument, that he might, and ought to have taken such administration; yet it is very clear, that his undertaking as surety, imposed upon him no such obligation. And

even if administration had been committed to another, it may well be questioned, whether he would have been answerable for the acts of such administrator. He became responsible for the acts of his principal only. But there is this further and decisive answer to this claim. It no where appears, upon this record, that the original cause of action would have survived to the administrator.

We are brought, then, to the only question presented for consideration ; and that has been already stated. And it is manifest, that the answer to this question must depend upon the scope and import of the defendant's obligation, as the same are limited and defined by the statute.

What the terms of the recognizance were, we have already seen : and it is conceded, that a strict and literal compliance with the condition, became impossible, by the death of the party. Was it the intent of the parties, that nothing short of such strict and literal performance of the condition, should save the obligation ? And is it within the fair scope and intent of the defendant's undertaking, that he should become the insurer of the life of his principal ? I think otherwise ; and that to hold such to be the intent of the parties, and such the real nature and effect of the recognizance, would be equally opposed to reason and authority.

The engagement of the defendant, unquestionably, had reference to the final termination of the suit, and to that only ; and was intended to secure to the defendant in the action, the costs which should be taxed in his favour, in the event of his being the successful party. The event which the parties had in view, has not taken place, but has been prevented by an act of providence. On what principle, it may be asked, ought the defendant in error to be subjected ?

It need hardly be remarked, that " bail are highly favoured in law, and statutes for their saving should be liberally expounded." It is almost equally superfluous to observe, that the defendant, being surety, is not answerable beyond the clear scope of his engagement. *Lockwood* v. *Jones,* 7 *Conn. Rep.* 435. and the cases there cited.

It is equally clear, that the surety is liable only in case of the default of his principal ; that his undertaking is not more extensive than that of his principal ; and that whatever discharges the obligation of the principal, discharges the obligation of his surety also. Suppose, then, the plaintiff in the original ac-

tion had given his own bond to prosecute, and had died, pending the suit, could a claim for the costs which had then accrued have been made upon his estate ?    The death of a party, pending a suit, is an event of very common occurrence ; and yet it is believed, that such a claim has never yet been put forward. The death is suggested upon the record ; and unless the administrator enters and prosecutes, all proceedings in relation to the suit are supposed to be at an end.    This fact is adverted to, not as conclusively settling the law, but as affording a strong presumption, that if the principle now contended for be correct, our judicial records would long since have furnished a precedent for an action like the present.    No such precedent is found ; and the authorities are certainly very strong against such an action being sustainable.

Lord *Coke*, after adverting to the distinction between a condition annexed to an estate in lands or tenements, upon a feoffment, gift in tail, &c. and the condition of an obligation, recognizance, or the like, remarks, that " If a man be bound by a recognizance, or bound with condition, that he shall appear the next term in such a court, and before the day the conusor or obligor dyeth, the recognizance or obligation is saved ; and the reason of the diversity is, because the state of the land is executed and settled in the feoffee, and cannot be redeemed back again, but by matter subsequent, *viz.* the performance of the condition.    But the bond or recognizance is a thing in action and executory, whereof no advantage can be taken, until there be a default in the obligor ; and therefore, *in all cases*, where the condition of a bond, recognizance, &c. is possible at the time of the making of the condition, and before the same can be performed, the condition becomes impossible, by the act of God, or of the law, or of the obligee, there the obligation, &c. is saved." *Co. Litt.* 206. *a.  Pow. on Cont.* 265. 2 *Bl. Com.* 341.

The case has been compared to that of an express contract, containing mutual stipulations between the parties ; and a number of decisions, regarding such contracts, and supposed to be analogous, have been cited at the bar.

In the first place, the analogy between the cases may well be questioned ; and secondly, none of the cases cited sustain the principle, which they are brought to establish.

The case of *Hadley* v. *Clarke*, 8 *Term Rep.* 259. has been cited.    There, the defendant undertook to carry the plaintiff's

goods from *Liverpool* to *Leghorn.* The undertaking was absolute, " the dangers of the seas only excepted." On the vessel's arriving at *Falmouth*, in the course of the voyage, an embargo was imposed upon her " until the further order in council." The only point decided was, that the embargo being temporary, only suspended, but did not dissolve the contract between the parties. The defendant might have proceeded to *Leghorn*, after the embargo was removed.

*Litchfield*,
June, 1832.

Parsons
*v.*
Williams.

The case of *Bullock* v. *Dommitt*, 6 *Term Rep.* 650. decides merely, that the lessee of a house, who had covenanted to keep and maintain it in repair, was bound to rebuild the house, although it was burned down, by an accidental fire. And in the case of the *Brecknock Company* v. *Pritchard* & al. 6 *Term Rep.* 750. it was held, that where the defendant had covenanted to build a bridge, in a substantial manner, and to keep it in repair for a certain time, he was bound to rebuild the bridge, though broken down by an extraordinary flood. In giving judgment in this case, Lord *Kenyon* remarks : " This sort of loss must have been in the contemplation of all the parties in this case. The bridge was to be built in such a manner as to resist any body of water. If the defendants had chosen to except any loss of this kind, it should have been introduced into their contract, by way of exception."

In these cases, the performance of that which the parties had covenanted to perform, might have been embarrassed, or rendered more difficult, by the events which had occurred. But in neither of these cases, nor in any other, which has been cited, had such performance become impossible.

The cases, then, do not apply ; nor do they at all conflict with the general principle laid down by Lord *Coke ;* and in conformity to which, I am of opinion, that judgment must be given for the defendant in error.

I would advise the superior court that there is nothing erroneous in the judgment complained of.

The other Judges were of the same opinion.

Judgment to be affirmed.